**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

Lyle W. Cayce
Clerk

No. 11-40589
Summary Calendar

SOILO E. URIAS,

Petitioner-Appellant

v.

RICK THALER,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CV-75

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Soilo E. Urias, Texas prisoner # 1189938, was convicted by a jury of aggravated sexual assault of a child, enhanced, and sentenced to life in prison. Urias instituted an action in the district court by filing a motion for the appointment of counsel pursuant to 18 U.S.C. § 3006A. The district court denied Urias's motion, which was the only relief sought by Urias, and dismissed the action. This appeal followed. We review the district court's denial of Urias's motion for abuse of discretion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40589

1987) (considering the denial of a motion for the appointment of counsel in a 42 U.S.C. § 1983 case filed by a prisoner).

No constitutional right to counsel exists in federal postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, under Rule 8(c) of the Rules Governing § 2254 Cases, "if an evidentiary hearing is warranted, the [district court] must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Furthermore, under § 3006A(a)(2)(B), a § 2254 petitioner should be appointed counsel when "the interests of justice so require."

The district court concluded that Urias's motion was premature. Because Urias had not actually filed a § 2254 petition, he had not raised any issues requiring an evidentiary hearing; thus, Urias was not entitled to appointed counsel under Rule 8(c) of the Rules Governing § 2254 Cases. Urias has failed to show that the district court abused its discretion in denying his motion. *See Cupit*, 835 F.2d at 86.

Accordingly, the district court's judgment is AFFIRMED. Urias's motion for default judgment is DENIED.